# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEIL EISENBERG, | Case No. 2:24-cv-00520-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| MRS BPO, LLC, *et al.*, | |
| Defendants. | |

Before the Court is a Motion for Summary Judgment by Defendant Transworld Systems, Inc., ECF No. 31, and a Motion for Summary Judgment by Plaintiff Neil Eisenberg, ECF No. 32. For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motion.

## I. PROCEDURAL HISTORY

On March 18, 2024, Plaintiff Neil Eisenberg filed the operative complaint. ECF No. 1. On May 30, 2024, Plaintiff filed the First Amended Complaint adding additional parties to the litigation. ECF No. 15. On August 7, 2024, Plaintiff filed a Stipulation for Dismissal of Defendant MRS BPO, LLC. ECF No. 22. On September 24, 2024, Plaintiff filed a Stipulated Protective Order. ECF No. 24. On November 7, 2024, Defendant Transworld Systems, Inc. ("TSI") filed a Motion for Summary Judgment. ECF No. 31. On November 8, 2024, Plaintiff Neil Eisenberg flied a Motion for Summary Judgment. ECF No. 32.

The Court's Order follows.

## II. FACTUAL ALLEGATIONS / BACKGROUND

The Court finds that there are no genuine disputes as to any material facts. Thus, the Court makes the following findings of undisputed facts.

**A. Undisputed Facts**

Plaintiff had an account with Verizon Communications ("Verizon") with two phonelines connected for the use of Plaintiff and his son. In addition to using Verizon as a mobile service provider, Plaintiff financed two phones from Verizon which were connected to the phonelines. Plaintiff was dissatisfied with the service coverage provided by Verizon and repeatedly contacted Verizon customer service to troubleshoot the service issues he experienced. After four months of persistent service issues, Plaintiff was informed by a Verizon customer service representative that there was nothing the company could do to remedy the issues. The customer service representative informed Plaintiff that Verizon would cancel his service contract and allow Plaintiff to return the phones.

On July 23, 2023, Plaintiff returned his phone in person at a local Verizon store. Around this time, Plaintiff's son attempted to return the phone he possessed to a Verizon store in Texas, but the store refused to accept the phone. Instead, Verizon mailed Plaintiff a return label so he could mail the phone directly to Verizon. On August 5, 2023, Plaintiff mailed the phone used by his son to Verizon.

On September 18, 2023, Plaintiff received a debt collection letter from MRS BPO, LLC. The debt at issue in the collection letter was related to Plaintiff's account with Verizon for alleged unreturned equipment and early termination fees. On or about December 6, 2023, Defendant TSI was assigned the right to collect from Plaintiff $2,512.04, the balance owed on the Verizon account. On December 24, 2023, Plaintiff received a debt collection letter from TSI. Subsequently, Plaintiff sought the legally required verification of the debt from TSI by responding to the collection letter with a written requests for debt validation (the "Dispute Letter"). On January 9, 2024, Defendant TSI responded to the Dispute Letter by sending Plaintiff a response letter and supporting documents.

### III. LEGAL STANDARD

**A. Summary Judgement**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

1  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."
2  Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering
3  the propriety of summary judgment, the court views all facts and draws all inferences in the light
4  most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.
5  2014). If the movant has carried its burden, the non-moving party "must do more than simply show
6  that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a
7  whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine
8  issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation
9  marks omitted). "[W]here the party moving for summary judgment has had a full and fair
10 opportunity to prove its case, but has not succeeded in doing so, a court may enter summary
11 judgment *sua sponte* for the nonmoving party." Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir.
12 2014). It is improper for the Court to resolve genuine factual disputes or make credibility
13 determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441
14 (9th Cir. 2017) (citations omitted).

### IV.    DISCUSSION

Throughout their complaint, Plaintiff argues that Defendant TSI violated 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that TSI violated 15 U.S.C. § 1692e by sending Plaintiff a letter demanding payment for a debt Plaintiff does not owe. Plaintiff contends that by attempting to collect the debt, TSI engaged in false, deceptive, and misleading representations and means in connection with the collection of the debt. Plaintiff also alleges that TSI violated 15 U.S.C. § 1692f because the demand letter Plaintiff received included additional fees that were not expressly authorized by the agreement creating the debt. Defendant TSI contends that they were compliant with the FDCPA because TSI ceased efforts to collect the outstanding debt after receiving Plaintiff's dispute letter. Additionally, Defendant TSI contends that their compliance with FDCPA is further evidenced by the fact that they provided Plaintiff with verification of the debt.

Under the FDCPA, a debt collector cannot collect "any amount (including any interest, fee, charge, or expenses incidental to the principal obligation) unless such amount is expressly

1  authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).
2  Additionally, section 1692f of the FDCPA prohibits a debt collector from using "unfair or
3  unconscionable means to collect or attempt to collect any debt." Id. Section 1692e prohibits the
4  "false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).
5  "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account
6  whether the least sophisticated debtor would likely be misled by a communication." Donohue v.
7  Quick Collect, Inc., 592 F.3d 1027, 1030. (internal quotations and citations omitted).

8  If a consumer disputes the validity of a debt, in writing, within the thirty-day period after
9  receiving notice under § 1692g(a), the FDCPA requires the debt collector to cease collection
10 efforts until the debt collector provides the consumer with verification of the debt. 15 U.S.C. §
11 1692g(b). As an alternative to providing the consumer with verification of the debt, a debt
12 collection agency may cease further collection activities. Id. The Ninth Circuit has held that while
13 the FDCPA requires a debt collector who receives a dispute letter to cease collection efforts until
14 the collector provides the consumer with verification of the debt. "The Act does not impose an
15 independent obligation to verify a debt where the collector ceases all collection efforts directed at
16 the consumer. Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 929-930.

17 The Court finds that Defendant TSI fulfilled its obligations under the FDCPA. In this
18 instance, upon receiving Plaintiff's dispute letter, Defendant TSI sent Plaintiff documentation
19 verifying the debt TSI was attempting to collect and ceased collection activity. The Court finds
20 that the debt verification letter TSI sent Plaintiff was clear and concise such that it would not have
21 misled the least sophisticated debtor. Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030.

22 Additionally, the Court finds that Plaintiff has presented no cognizable evidence that TSI
23 did use unfair, nor unconscionable means to collect the debt at issue. Plaintiff's attorney's
24 declaration—an individual who lacks personal knowledge of the relevant facts—is insufficient to
25 establish a genuine issue of disputed fact here. G & G Closed Circuit Events, LLC v. Zihao LIU,
26 45 F.4th 1113, 1114 (9th Cir. 2022) (holding that where the party moving for summary judgment
27 has borne its initial burden to show that the nonmoving party "does not have enough evidence to
28 carry its ultimate burden of persuasion at trial," the nonmoving party then has the burden "to

produce evidence to support its claim.") (citation omitted). Finally, TSI's failure to independently verify the debt was not in violation of the FDCPA. Guerrero, 499 F.3d at 929-930.

Accordingly, the Court finds that Defendant TSI did not violate the FDCPA in their debt collection efforts. Thus, the Court rules in favor of Defendant TSI.

V.    **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's [31] Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's [32] Motion for Summary Judgment is **DENIED** as moot.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**